Whiting v. Barrett.

NATHAN WHITING, Receiver, &c., Appellant, v. CALEB BARRETT and LYDIA BARRETT, Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1872.)

Where the owner of personal property makes a verbal gift of it the donee acquires a perfect title, if he obtains possession of the property before revocation of the gift by the donor, although it was not present or even *in esse* when the gift was made.   (Per MULLIN, P. J.)

The consent of the donor that the donee shall take the property as owner must be presumed, unless revoked, until possession is obtained.   (*Id.*)

A recognition of the donee's ownership, by the donor, of property not present or *in esse* at the time of the gift, after the former has taken possession, renders the gift a perfect one, and completely transfers the title

A soldier's bounty money being exempted from execution and proceedings supplementary thereto by statute (chap. 578 of 1864, § 4), the creditors of the soldier cannot interfere with it either in his hands or in the hands of his donee, and he having given it to his wife, and it having been invested by her in the purchase of real estate, the deed cannot be set aside at the instance of the husband's creditors.

THIS action was brought by Whiting, who was appointed receiver of the property of Caleb Barrett in proceedings sup-

Whiting *v.* Barrett.

plementary to execution in an action brought in this court
by Green Parker against Barrett, in which judgment was
docketed in favor of Parker, on the 24th of April, 1867, for
$293.98 damages and costs, and also to set aside a deed given
by one Hall to the defendant, Lydia Barrrett.

In August, 1864, Barrett entered the army and thereupon
became entitled to a bounty of $1,000. He gave directions
to the supervisors of the town, to fill the quota of which he
had volunteered, to give the bonds to which he was entitled
to his wife, and it was so done, and she kept them in her pos-
session till her husband's return.

Barrett was in the army some ten months, when he was
discharged, and returned home. He then took the town
bonds and changed them for bonds of the United States, and
delivered them to his wife, who kept possession of them until
March, 1867, when he was applied to by one Greenly to lend
him (G.) some money. Barrett told him he had none, but
his wife had, which he thought she would let him have. B.
sold the bonds, made a loan to Greenly, and took a note pay-
able to Mrs. B. That note was paid in November, 1868.

After the money had been in the house a few days, B. told
his wife it ought to be drawing interest, and he thereupon
loaned $700 of it, and took a note, by direction of his wife,
payable to their son.

In 1868 B. applied to one Hall to purchase a farm of land
of him, lying in the town of Worth, in the county of Jeffer-
son, and after some negotiation a purchase was made, as B.
says, by the direction of his wife, at $600; $300 of which was
paid down to H. For the balance, $300, a bond and mortgage
were given. One hundred and fifty dollars, which had been
loaned by B., were collected and paid on the mortgage, and
the balance was paid by Mrs. B. out of money received from
her father.

Mrs. B. testified that before her husband left for the army
he gave her the bonds to which he was entitled in payment of
his bounty.

The court below held and decided that this was a gift of

the bonds to Mrs. B., and that she was entitled to hold the land purchased with the avails thereof as against the creditors of her husband. From this judgment the plaintiff appeals.

*N. Whiting* (in person), for the appellant.

*M. H. Merwin*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. Delivery of the thing given is absolutely essential to make valid the gift; but it is not essential that the delivery should be directly to the donee. It may be delivered to another person for him. (*Hunter* v. *Hunter*, 19 Barb., 631.)

I do not find any case in which it has been held that a parol gift of property not *in esse* or not in the possession or under the control of the donor at the time of the gift is valid where the donor subsequently, and before there is any revocation of the gift by the donor, obtains the possession, and the donor thereafter recognizes the donee as owner, nor do I find any decisions to the contrary.

In Brooks' Abridgment it is said, "if the owner of goods which are at York give them to J. L., who, at the time of the gift, is in London, and before J. L. has obtained actual possession of the goods a stranger takes them, J. L. may maintain an action of trespass against the stranger, for by the gift he acquired a general property in the goods." (*Sprately* v. *Wilson*, 3 Eng. Com. Law, 10, note.)

The reporter, after reciting the passage from Brooks, says: "But there is no case which goes to the extent of stating that the donor or his representatives might not retract a gift unaccompanied with possession."

In *Shower* v. *Pilick* (4 Exch., 478), it was held that a mere verbal gift of a chattel to a person in whose possession it is does not pass any property to the donee.

The direct opposite of this was held in *Champney* v.

*Blanchard* (39 N. Y., 111). The plaintiff held in her hands money of the decedent, subject to her order, of which a memorandum was made and held by the latter. The decedent delivered to the plaintiff the memorandum, with a specific declaration that she gave her those moneys, and the court held there was such a delivery as perfected the gift.

It would seem to me that when the owner of property makes a verbal gift of it to another, such other acquires a perfect title if he gets possession of it before revocation of the gift by the donor, although it was not present when the gift was made, or it was not even *in esse* at the time.

The consent that the donor shall take the property as owner must be presumed, unless revoked, until possession is obtained.

It is not necessary that the revocation should be in words. Any act of the donor inconsistent with the right of the donee to control the property before he takes it into his possession, would probably operate as a revocation.

If, however, it is doubtful whether there was such a delivery as perfected the title of the wife to the bonds, the subsequent recognition of the title by the husband without any evidence of revocation of the gift, must render the gift perfect.

If the gift was a valid one, it vested the title to the bonds in the wife, and she became the legal owner thereof.

When the gift was made the bonds were exempt from the claims of creditors by virtue of § 4 of chap. 578 of the Laws of 1864, which declares " that the pay or bounty of any non-commissioned officer, musician or private in the military or naval service of the United States shall be exempt from seizure and shall not be liable to attachment, or levy, or sale under any execution or to proceedings supplementary to execution."

As creditors could acquire no right to them as against the soldier, he could transfer them by gift or sale to another person, relieved from any such claim. The wife, therefore, took the absolute title to the bonds and the creditors could not be heard to allege that the transfer was in fraud of them, as they

never had and never could have any right to demand that they be applied in payment of their debts. .

Had the bonds not been exempt in the hands of defendant's husband, the creditors could insist that they were entitled to have them applied in satisfaction of their debts. And a gift of them by the husband to the wife while such debts existed, would be fraudulent and void as to them.

But being exempt, the gift was not fraudulent, and his creditors had no claim to the bonds.

The judgment must therefore be affirmed, with costs.

Judgment affirmed.