WILLIAM M. SMILLIE, Trustee, etc., Respondent, *v.* DENIS QUINN, Receiver, etc., Appellant.

Under the Act of 1840 (Chap. 80, Laws of 1840), providing for insurance on the lives of husbands for the benefit of their wives, an assignment by a married woman of a policy of insurance on the life of her husband cannot be attacked by a creditor of the wife on the ground that the policy was not assignable.

*It seems* that only the wife, or her personal representatives, can avoid the assignment.

Where a married woman, during the life of her husband, assigned such a policy in trust for the benefit of her children, *held*, that her judgment creditors could not attack the assignment as fraudulent; that as the creditors could not take the policy so as to bar her right, it was no fraud for her to make the assignment.

(Argued November 23, 1882; decided December 12, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 28, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term. (Reported below, 25 Hun, 332.)

The nature of the action and the material facts are stated in the opinion.

*N. H. Clement* for appellant. The assignments made by Mrs. Tetens to the plaintiff, prior to the death of her husband, were absolutely void. (*Barry* v. *Eq. L. Ins. Soc.*, 59 N. Y. 587; *Eadie* v. *Slimmon*, 26 id. 9; *Wilson* v. *Lawrence*, 76 id.

585; *Fowler* v. *Butterly*, 78 id. 68; *Brummer* v. *Cohn*, 86 id. 11; 45 id. 726; *De Peyster* v. *Howland*, 8 Cow. 277; *Martin* v. *Dwelly*, 6 Wend. 9.) The act of 1840 was an enabling one, confers a special privilege, and is in the nature of a law exempting goods from execution. (*Barry* v. *Equitable*, 59 N. Y. 594.) There could be no trust for the benefit of the children, because they had no interest in the policies unless Mrs. Tetens died before their father. (*Barry* v. *Equitable Life*, 59 N. Y. 593; *Payne* v. *Becker*, 86 id. 153.) A voluntary assignment of a life insurance policy is void as to creditors. (29 Beav. 637.) An assignee in trust for creditors or a grantee in a voluntary conveyance does not occupy the position of a purchaser for value, and his innocence of any fraudulent intent will not protect his title, if for any reason it may be adjudged fraudulent as to creditors. (*Young* v. *Herman*, 66 N. Y. 374; *Griffin* v. *Marquardt*, 17 id. 28; *Salomon* v. *Moral*, 53 How. 342; *Smart* v. *Harring*, 52 id. 305; *N. Y. & H. R. R. Co.* v. *Kyle*, 5 Bosw. 587; *Rathbun* v. *Dow*, 18 Barb. 272; *Wood* v. *Hunt*, 38 id. 302; *Mohawk Bk.* v. *Atwater*, 2 Paige, 54.)

*Thomas G. Shearman* for respondent. Policies of this description cannot be made the subject of ordinary traffic by the wife during the life-time of her husband. (*Barry* v. *Equitable L. Soc.*, 59 N. Y. 587, 593; *Eadie* v. *Slimmon*, 26 id. 9; *Wilson* v. *Lawrence*, 76 id. 585; affirming 13 Hun, 238; *Brummer* v. *Cohn*, 86 N. Y. 11.) The assignment was valid as in consideration of it an agent of the children paid the premiums on their behalf and thus kept the policies alive. (*Thompson* v. *Insurance Co.*, 104 U. S. 252; *Roehner* v. *Knickerbocker L. Ins. Co.*, 63 N. Y. 160; *Baker* v. *Mut. L. Ins. Co.* 43 id. 283; *Hudson* v. *Knickerbocker Ins. Co.*, 28 N. J. Eq. 167; *Wheeler* v. *Conn. L. Ins. Co.*, 16 Hun, 317; *Bouton* v. *Am. L. Ins. Co.*, 25 Conn. 542; *Busley* v. *N. A. Ins. Co.*, 40 Md. 572.) The payment of the premiums accruing subsequent to the assignment estops Mrs. Tetens and Messrs. Rorke (and therefore the receiver, who only represents them)

from now objecting to the validity of the assignment. (*Thompson* v. *Blanchard*, 4 N. Y. 303 ; *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 344; *Hibbard* v. *Steward*, 1 Hilt. 207 ; *Sammis* v. *McLaughlin*, 35 N. Y. 647 ; *Tylee* v. *Yates*, 3 Barb. 222 ; *Tilton* v. *Nelson*, 27 id. 595 ; *Town* v. *Needham*, 3 Paige, 545; *Wood* v. *Seely*, 32 N. Y. 105 ; *Bushnell* v. *Chautauqua Co. Bk.*, 74 id. 290.) The assignment cannot be set aside as fraudulent as against creditors. (*Youmans* v. *Boomhower*, 3 T. & C. 21 ; *Whiting* v. *Barrett*, 7 Lans. 106 ; *Mathews* v. *Feaver*, 1 Cox, 278 ; *Hibben* v. *Soyer*, 33 Wis. 319 ; *Pike* v. *Miles*, 23 id. 164 ; *Dreutzer* v. *Bell*, 11 id. 114 ; *Smith* v. *Rumsey*, 33 Mich. 183 ; *Lishey* v. *Perry*, 6 Bush, 315 ; *Delashmut* v. *Frau*, 44 Iowa, 613 ; *Vaughn* v. *Thompson*, 17 Ill. 78 ; *Wilchester* v. *Gaddy*, 72 N. C. 115 ; *Legro* v. *Ward*, 10 Me. 161 ; *Hixon* v. *George*, 18 Kans. 253 ; *Dearman* v. *Dearman*, 4 Ala. 521 ; *Planters' Bk.* v. *Henderson*, 4 Humph. 75 ; *Wolf* v. *Van Metre*, 23 Iowa, 397 ; *Derby* v. *Weyrich*, 8 Neb. 174 ; Kerr on Fraud, 209 ; *Gassett* v. *Grout*, 4 Metc. 486 ; *McCauley* v. *Rodes*, 7 B. Monr. 462 ; *Gallego* v. *Gallego*, 2 Brock. 285 ; *Partridge* v. *Arnold*, 73 Ill. 600 ; *Leonard* v. *Clinton*, 26 Hun, 288.) The assumption by the plaintiff of the duties and responsibilities of trustee, involving considerable labor and inconvenience, and thus being prejudicial to him, constitutes a consideration sufficient to support a contract. (*White* v. *Baxter*, 71 N. Y. 254; *Sands* v. *Crooke*, 46 id. 564 ; *Decker* v. *Judson*, 16 id. 449 ; *Wood* v. *Jackson*, 8 Wend. 9; *Whelan* v. *Whelan*, 3 Cow. 537 ; *Verplanck* v. *Sterry*, 12 Johns. 533 ; 1 Johns. Ch. 261; *Freeman* v. *Freeman*, 43 N. Y. 34; *Norton* v. *Mallory*, 63 id. 434 ; *Dygert* v. *Remerschneider*, 32 id. 629 ; 39 Barb. 417.) It cannot be adjudged fraudulent against creditors, unless the assignee as well as the assignor was guilty of a fraudulent intent. (*Dudley* v. *Danforth*, 61 N. Y. 626 ; *Carpenter* v. *Muren*, 42 Barb. 300 ; *Van Wyck* v. *Baker*, 16 Hun, 169 ; *Waterbury* v. *Sturtevant*, 18 Wend. 353 ; 2 R. S. 137, § 5.) The money collected under such a policy, even by the widow herself, is not liable for her debts contracted while her husband was living. (*Leonard* v. *Clinton*, 26 Hun, 288.)

EARL, J.  On the 13th day of November, 1866, the Equitable
Life Assurance Society issued a policy of insurance upon the
life of Louis Tetens, for the sum of $5,000, payable on his
death to his wife Mary Ann Tetens, for her sole use, if living,
in conformity with the statute, and if not living, to the children
of Louis Tetens.  On the 29th day of January, 1878, the com-
pany issued another policy containing similar provisions on the
life of Louis Tetens, for $10,000.  Both policies were issued
on the application of Mr. Tetens, and he paid all the premiums
prior to March 22, 1878.   On that day Mrs. Tetens executed in-
struments in writing under seal, assigning all her right, title and
interest in the two policies, and in all money which might be pay-
able under the same, to the plaintiff as trustee for her four chil-
dren, who were also children of Louis Tetens.  At the same
time plaintiff executed an instrument in writing, by which he
agreed to collect the amounts due on the policies and invest the
sums thus realized, in good and safe securities, and pay the
interest derived from the investments toward the support of
the four children of Mrs. Tetens, and when three of them, who
were sons, should attain the age of twenty-one years, pay to
them, respectively, equal shares of the principal sum so in-
vested, and the interest, if any ; and when the daughter, one
of the four, attained the age of eighteen, pay her an equal
share with the sons.  One year after the execution of the as-
signment Mr. Tetens died.  On the 1st day of March, 1878,
Edward Rorke and James Rorke recovered a judgment of fore-
closure against Mr. and Mrs. Tetens, by which judgment Mrs.
Tetens. was made personally liable for any deficiency which
should exist after applying the proceeds of the sales of the
mortgaged premises upon the mortgage debt.  In April there-
after a judgment for deficiency was duly entered and docketed
against Mrs. Tetens for upwards of $5,000 ; and execution hav-
ing been issued upon that judgment and returned unsatisfied,
proceedings supplementary to execution were instituted against
her, the result of which was, that on the 4th of June, 1879,
the defendant was appointed the receiver of her property.

The plaintiff having commenced an action against the insur-

ance company to recover the amount insured by the two policies, it paid the money into court, and Quinn, the receiver, was, by an order of the court, made a party defendant; and the question to be determined is which of these parties is entitled to the fund thus paid into court.

Each of these policies, it is conceded, was issued pursuant to chapter 80 of the Laws of 1840, and hence, according to the cases of *Eadie* v. *Slimmon* (26 N. Y. 9), and *Barry* v. *The Equitable Life Assurance Society* (59 id. 587), and other cases of a like character, they were not, in a general sense, assignable by Mrs. Tetens. There is nothing in the statute referred to which expressly prohibits such an assignment; but it was held in the cases referred to that it would be against the spirit and policy of the statute to allow such a policy to be assigned by a wife during the life-time of her husband. As said by Judge DENIO, in the case of *Eadie* v. *Slimmon*, " it would be a violation of the spirit of the provision to hold, that a wife insured under this act could sell or traffic with her policy as though it were realized personal property, or an ordinary security for money." It was held that it was the purpose of the statute to secure a provision for widows and orphans. The policy of the statute has since been relaxed. By chapter 821 of the Laws of 1873, it was provided, among other things, that in case a married woman, for whose benefit such a policy had been issued, had no child or children born of her body, she could dispose of the policy by a last will and testament, or by a deed duly executed and acknowledged, to any person whatever. After the passage of that act, the law seemed to be solicitous only for children, and when there were no children a married woman could divest herself of any interest she had in the policy ; and that statute applied to policies issued before, as well as to those issued after its passage. Still later, by the act chapter 248 of the Laws of 1879, all policies theretofore, or thereafter issued, upon the lives of husbands for the benefit of their wives, were made assignable by the wife, with the consent of the husband, to any person whatever. Therefore it cannot now be said that this assignment by the wife, for the benefit of her chil-

dren, was at the time it was made in contravention of the spirit or policy of the law. It was rather in the line of such policy.

But as this policy was not assigned with the formalities required by the statute of 1873, we may assume that the case must be governed by the decisions made under the statute of 1840. The object of that statute, as construed by the courts, in cases like this was to secure the insurance for the benefit of the wife, if she should survive her husband; and in all the cases upon the subject, the policies had been assigned out of the family, in violation of the spirit and policy of the law, and in all of them the wife asserted her claim against the assignment which had been made. In this case, even if it be conceded that Mrs. Tetens could have avoided the assignments of these policies, could anybody else avoid them?

It would certainly be in violation of the spirit and policy of the law to allow her creditors to come in and avoid assignments which she had made, either for her benefit or the benefit of her children, and thus sweep away the whole insurance. It is sufficient to hold that in a proper case she, or her personal representative can avoid the assignments, and thus at all times claim the benefit which it was the purpose of the statute to secure to her. But if she does not seek to avoid the assignments, and reclaim the policies, or to secure the moneys due upon them, she cannot be compelled to. She could take the money upon the policies and give it away; and she could renounce all claim to it and allow any person under her assignments to receive it. She is sufficiently protected if she is permitted to assert the invalidity of the assignments. It will do her no good, and do her family no good, if creditors or strangers are permitted to come in and assert the invalidity of the assignments, for the purpose of sweeping away the amount of the insurance. We are, therefore, of the opinion that this defendant, representing judgment creditors of Mrs. Tetens, was not in a position to assail her assignments under the statute of 1840.

It, therefore, only remains to be inquired whether these assignments were fraudulent as to the judgment creditors; and

therefore void; and we are clearly of the opinion that they were not. At any time prior to the death of Mr. Tetens she had no interest in these policies which a creditor could seize. If she had, then the policy of the law could be thwarted in every case. She could keep these policies in life if she chose, or allow them to lapse. She was not bound to keep up the insurance, neither was her husband bound to keep it up for her benefit. As she was not in a position to assign the policies to her creditors so as to absolutely cut off her right, her creditors could not take them so as to bar her right, and, therefore, it was no fraud upon her creditors for her to make the assignments at that time to her children. It was like the disposition of property exempt from execution of which creditors cannot complain. (*Youmans* v. *Boomhower*, 3 N. Y. Sup. [T. & C.] 21; *Whiting* v. *Barrett*, 7 Lans. 106; *Legro* v. *Lord*, 10 Me. 161, and other cases cited in the brief of respondent's counsel.)

The judgment should be affirmed, with costs.

All concur, except TRACY, J., absent.

Judgment affirmed.