MARY FRANK, Respondent, *against* THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *et al.*, Appellants.

(Decided January 21st, 1884.)

A policy of insurance issued to a married woman upon the life of her husband may be within the act of 1840 respecting such insurances (L. 1840 c. 86), and therefore non-assignable, except as permitted by the acts of 1873 (L. 1873, c. 821) and 1879 (L. 1879, c. 248), notwithstanding that the premiums are not paid by the husband, but by a third party, and that the annual premiums exceed the limit of $500 fixed by the act of 1870 (L. 1870, c. 227).

Upon a surrender and cancellation of such a policy between an assignee of the wife and the insurance company, an action for a conversion of

the policy may be maintained by the wife against them; no demand on her part, after such cancellation, is necessary, where both her assignee and the company had notice, before the surrender, of the invalidity of the assignment by her.

APPEAL from a judgment of this court entered upon the decision of the judge upon a trial without a jury.

The action was brought to recover damages for an alleged conversion of a policy of insurance upon the life of the husband of plaintiff, payable to plaintiff; the conversion alleged being the surrender and cancellation of the policy by an assignee from plaintiff and the life insurance company, both of whom were made defendants in the action. Other facts are stated in the opinion.

At the trial, the parties having waived a trial by jury, the judge rendered a decision in favor of the plaintiff. From the judgment for plaintiff entered thereon, defendants appealed.

*Davies & Work*, for The Mutual Life Insurance Company, appellant.

*John H. V. Arnold*, for George W. Demond, appellant.

*Townsend, Dyett & Einstein*, for respondent.

J. F. DALY, J.—The justice at Special Term properly held that the policy in question was issued to Mrs. Frank upon her husband's life (endowment form), under the act of 1840, "in respect of insurances for lives for the benefit of married women," and was therefore non-assignable, except under the acts of 1873 (L. 1873 c. 821) and of 1879 (L. 1879 c. 248).

It is claimed that Mr. Frank did not pay the premiums upon the policy, and that they were paid by Mrs. Frank's father, and that the policy was not therefore procured under the act of 1840; that that act had for its object to permit the husband to insure his own life at his own cost,

for the benefit of his wife and children, free from any claim of his creditors; and that any policy issued to his wife, upon which she, or any third party, pays the premium, is not issued under the act.

I believe there can be no fixed rule for determining whether a policy issued to a wife upon her husband's life has, or has not, been procured under the act of 1840. It has been held that it is not necessary that the policy should refer to the act, nor make provision for widowhood, or for children, nor that it should be affirmatively shown by extrinsic evidence that it was the intention of the assured to acquire the benefits of that act; but that such intention is to be presumed from the beneficial nature of the policy (*Brummer* v. *Cohen*, 82 N. Y. 11; *Wilson* v. *Lawrence*, 76 N. Y. 585; *Eadie* v. *Slimmon*, 26 N. Y. 9). I think we cannot say that proof that no premiums were paid by the husband is conclusive evidence of a contrary intent. After a policy had been applied for under the act it might happen that the husband found himself unable to pay the first or some subsequent premium, and the fact that a third party stepped in and paid it, in order to keep the policy up, would not alter the character of the policy.

It is also urged that as the annual premiums on this policy exceed the $500 limit fixed by the statute of 1870 (L. 1870 c. 227), the policy cannot be regarded as a statutory one. This is no test of a statutory policy. The act referred to, and prior acts on the subject, contemplate a policy taken out under the act of 1840, on which the annual premiums exceed a certain amount, and subject the excess to claims of creditors of the husband if paid out of his funds or property (L. 1858 c. 187). The amount of premium does not therefore determine the character of the policy.

The court at Special Term gave the plaintiff damages, holding that there was a conversion of the policy, when it was surrendered and canceled between the company and the assignee Demond. The following objections are urged to this recovery:

I. That as the plaintiff is empowered by law to surrender such a policy, and the company is authorized by law to purchase their own policies, her assignment must be construed as an authority to her assignee to surrender, and is valid as such authorization. There is no way to answer this objection except to say that a surrender to the company is one thing and an assignment to a third person quite a different thing and there is no power conferred by an invalid assignment to make a valid surrender. The statute authorizing a surrender (L. 1873 c. 821), distinguishes the two sufficiently. A surrender may be made in any case, but an assignment only in case she has no children. The statute, moreover, provides the form of surrender on the part of the married woman, and such provision must be at least substantially complied with. There is to be "a written request of said married woman," duly acknowledged. A mere assignment to a third party includes no such instrument.

II. That the doctrine of the non-assignability of these policies has been asserted in order to prevent a married woman bartering away the provision made for herself and her children, yet in this action she effects that purpose by a recovery for conversion, as her right to the policy is gone when the judgment is paid, and a non-assignable policy may therefore under the powers of law be effectually assigned by collusion. To this it may be answered that a married woman can avoid her assignments at all times in order to claim the benefit which it was the purpose of the statute to secure to her (*Smillie* v. *Quin*, 90 N. Y. 335); that this benefit is not necessarily the keeping of the policy in existence, but also the right to surrender it at any time under the statute of 1873 above cited, and receive its value; that defendants, acting upon her invalid assignment, have dealt with it as their own and surrendered and canceled it; that plaintiff has the right to disaffirm her assignment, either to compel a restitution of the policy or to recover in damages the benefit she would have derived from a surrender at the time of the conversion, and defendants cannot

object to her election of remedies. There is no ground for holding that a recovery as for a conversion cannot be had in such a case at law, because the party might have had a remedy in equity, but has lost it by her own fault.

III. That the plaintiff has discharged the company by bringing the action against Demond. This objection proceeds on the assumption that as against Demond the claim is for money had and received on waiver of the tort. The complaint does not contain any allegation bearing out that theory. The facts, with an allegation of the non-assignability of the policy and of plaintiff's title, are set forth, and a demand for the alleged surrender value against both defendants is made. There was no demurrer.

IV. That there was no conversion, there being no demand after the cancellation of the policy. This position is based upon the claim that an assignment of such a policy is not void but voidable, and until disaffirmed by the plaintiff no dealing under it is tortious. The answer to this objection is that both Demond and the company had notice of the invalidity of the assignment, because it was the assignment of a policy presumptively issued under the act of 1840, and it was against the spirit and policy of the statute to allow such a policy to be assigned by a wife during the lifetime of her husband (*Smillie* v. *Quin*, 90 N. Y. 496), and a violation of the spirit of the provision to hold that a wife could sell or traffic with her policy (*Eadie* v. *Slimmon*, 26 N. Y. 9), and yet, with knowledge of the facts, the company and Demond proceeded to act upon the assignment, treating Demond as the lawful owner of the policy, and to carry into effect a surrender and a cancellation for the purpose of terminating the insurance and destroying the security. A demand after such an act of conversion would be unnecessary.

V. That plaintiff should have had nominal damages only. The complaint alleged that the defendant Demond received $2,970.42 from the company on the surrender of the policy, but that the surrender value was then at least $5,333. The company by its answer denies that the surrender value ex-

ceeded the sum paid, and the other defendant makes a denial of the same form and effect. The court had the right to treat this as an admission that the value was the sum paid, and for that sum (less two premiums paid by Demond) judgment was awarded. It is urged that when Demond took his assignment of the policies it was forfeited for non-payment of premiums, and that the company, as an act of grace and favor to him, accepted such overdue premiums and continued the insurance for his benefit solely up to the time of surrender. No new policy was issued to Demond, but the original instrument was the subject of surrender and cancellation, and the conceded value of that policy is the proper basis of damage.

The judgment should be affirmed with costs.

VAN BRUNT and VAN HOESEN, JJ., concurred.

Judgment affirmed, with costs.