### SPAULDING *v.* KEYES *et al.*

(*Supreme Court, General Term, Fourth Department.* April, 1889.)

1. CHATTEL MORTGAGES—VALIDITY.

    An agreement by which a mortgagor of personal property is permitted to sell it does not render the mortgage void where the proceeds of the property are paid to the mortgagee to be applied in satisfaction of the mortgage.[1]

2. HUSBAND AND WIFE—GIFTS.

    A gift to a wife by the husband of money received as a bounty for enlistment in the army is valid.

Appeal from circuit court, Otsego county.

Action by Ellen Spaulding against Marquis L. Keyes and another. Judgment was given for plaintiff, and defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*James A. Lynes*, for appellants. *Palmer & Mattice*, for respondent.

MARTIN, J. This was an action to recover damages for the wrongful sale of certain personal property to which the plaintiff claimed title under a chat-tel mortgage given her by her husband, William Spaulding. The property in question was sold by virtue of an execution issued upon a judgment against the plaintiff's husband. The plaintiff's mortgage was given and filed in the proper clerk's office before the entry of the judgment upon which such execu-tion was issued. The principal defenses interposed in this action were (1) that the plaintiff's mortgage was without consideration; (2) that it was given

---

[1] Concerning the validity of chattel mortgages of property of which the mortgagor is permitted to remain in possession with power of sale, see Owens v. Hobbie, (Ala.) 3 South. Rep. 145, and note; Davis v. Scott, (Neb.) 34 N. W. Rep. 353, and note; Murray v. McNealy, (Ala.) 5 South. Rep. 565.

with the intent to hinder, delay, and defraud the creditors of the mortgagor. The uncontradicted evidence was to the effect that the plaintiff loaned money to her husband at various times, which, with the interest, amounted to about the sum for which the plaintiff's mortgage was given; and that such mortgage was given to secure the payment of the money thus loaned and the interest thereon. It also appeared that this money originally belonged to the plaintiff's husband. He received it as a bounty for enlisting as a volunteer in the United States service, and gave it to his wife. The gift was valid, and the money could not be reached by his creditors. *Whiting* v. *Barrett*, 7 Lans. 106; *Youmans* v *Boomhower*, 3 Thomp. & C. 21. The consideration for the plaintiff's mortgage was sufficient to uphold it. The claim most earnestly pressed by the appellants is that the mortgage was made with an intent to hinder, delay, and defraud the creditors of William Spaulding, and was consequently void as against the judgment and execution under which such sale was made. This question was directly at issue on the trial, and the jury found that the mortgage was made in good faith, and without any intent to hinder, delay, or defraud creditors. The evidence was sufficient to sustain this finding, and the determination of the jury should, we think, be regarded as final. But it is claimed that the mortgage was void because the mortgagor was permitted by the mortgagee to sell the property mortgaged. If there had been an agreement or understanding between the parties that the mortgagor might sell the property and apply the proceeds to his own use, the transaction would doubtless have been fraudulent. *Potts* v. *Hart*, 99 N. Y 168, 1 N. E. Rep. 605. But in this case the understanding and agreement, as shown by the evidence, was that the proceeds of the property, as sold, should be paid to the plaintiff, and applied in discharge of her mortgage, which was done. Such an agreement was legal, and did not impair the validity of the plaintiff's mortgage. *Brackett* v. *Harvey*, 91 N. Y. 214. Judgment affirmed, with costs. All concur.