## DANNHAUSER v. WALLENSTEIN.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. INSURANCE—POLICY ON HUSBAND'S LIFE—BENEFIT OF WIFE—ASSIGNABILITY —HUSBAND'S CONSENT.

Under Laws 1879, c. 248, making a policy of insurance on the life of a husband for the benefit of his wife assignable by the wife, provided the written consent of the husband is obtained, where defendant's husband took out a policy in favor of his legal representatives, which he subsequently assigned to her, and for which she obtained a paid-up policy payable to herself, which she assigned on September 12, 1879, without the written consent of her husband, such assignment was absolutely void, although the husband delivered the policy to the assignee and received the proceeds, since such policies were never absolutely assignable, and, the act being an enabling statute, it must be strictly complied with.

2. SAME—SOLE BENEFIT OF WIFE—ASSIGNABILITY.

Under Acts 1840, c. 80, authorizing a married woman to insure her husband's life for her sole use, where the husband took out a policy in favor of his legal representatives, which he subsequently assigned to his wife, and for which she obtained a paid-up policy payable to herself, the paid-up policy was within the provisions of the act, and hence was for her sole use, and nonassignable.

3. SAME—ASSIGNABILITY—VALIDITY—ESTOPPEL.

The fact that a wife signed an assignment of a paid-up insurance policy on the life of her husband, payable to herself, and he delivered it to the assignee and received the proceeds, did not estop her from asserting the invalidity of the assignment, where there was no pretense that the money was paid for her benefit, or that she had any knowledge of its payment.

4. SAME—STATUTE OF LIMITATIONS.

Where the assignment of an insurance policy on the life of the husband for the benefit of his wife was absolutely void, because the written consent of the husband to such assignment was not obtained, her right to contest the validity of such assignment cannot be barred by the statute of limitations.

Appeal from special term, New York county.

Action by Louis Dannhauser against Rosa Wallenstein, substituted for the New York Life Insurance Company as party defendant. From a judgment in favor of plaintiff (60 N. Y. Supp. 50), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Martin Paskusz, for appellant.
John Frankenheimer, for respondent.

RUMSEY, J. This action was begun against the New York Life Insurance Company to recover the amount of a policy on the life of one Moses Wallenstein, which had been issued to his wife, Rosa Wallenstein, and by her, as it was said, assigned so that the plaintiff became the owner of it. Rosa Wallenstein made a claim to the policy, whereupon the New York Life Insurance Company paid the money into court, and procured her to be substituted as defendant in the action. Upon the trial it appeared that on the 30th of June, 1873, the New York Life Insurance Company issued to Moses Wallenstein a policy of insurance for $10,000, which the company agreed to pay to his legal representatives at his death. The annual premiums

upon this policy were $800, and were paid by Wallenstein. On the 11th of January, 1877, Wallenstein assigned the policy to his wife. The policy contained the provision that, after a certain number of annual premiums had been paid, a paid-up policy would be issued to the insured for a certain sum, to be ascertained in the manner provided therein. The premiums continued to be paid until 1878, when Mrs. Wallenstein procured a paid-up policy to be issued for the sum of $4,105, payable after the death of her husband "to Rosa Wallenstein, wife of said Moses Wallenstein, assignee." On the 12th of September, 1879, Mrs. Wallenstein signed her name to an assignment of this policy to one Isaac Hamburger. Mrs. Wallenstein, however, testifies that, although the signature of the assignment was genuine, she had no knowledge of the nature of the paper, and never intended to transfer the policy to any one. The policy, with Mrs. Wallenstein's assignment attached to it, was by her husband delivered to Hamburger, who gave $3,000 for it. Hamburger afterwards assigned it, so that plaintiff eventually became the owner of it.

At the time Mrs. Wallenstein's assignment was executed, chapter 248 of the Laws of 1879 was the statute in force relating to assignments of policies of insurance made upon the lives of husbands for the benefit of wives, and it provided that the policies should be assignable by the wife, with the written consent of the husband. There is no substantial dispute that this written consent was not given, and for this reason Mrs. Wallenstein claims that the assignment, not being perfected as required by the statute, was void, and did not operate to take away the money agreed to be paid on the policy. The plaintiff, on the contrary, insists that as the assignment was made by the wife, and delivered to her husband, and by him transferred, for a valuable consideration, to the assignee, she has lost her right to insist that the assignment was invalid; and for that reason he claims that he is entitled to recover the amount of the policy. This seems to have been the view taken by the learned justice at the special term, who held that, although the written consent of the husband did not accompany the assignment, yet, as the husband actually transferred the policy and received the money for it, the defendant must be assumed, by her act, to have permitted him to do so, and she is not now in a situation to insist that the assignment is void.

As the first policy was made payable to the legal representatives of Wallenstein, and the paid-up policy was made payable to his assignee in pursuance of the agreements contained in the first policy, the plaintiff claims that neither policy was within either the express terms or the equity of the statute of 1840, by which wives were authorized to insure the lives of their husbands for their own benefit. His claim is that, the first policy having been made payable to Wallenstein or his legal representatives, it was clearly not within the statute, and that when that policy was assigned to Mrs. Wallenstein she became the owner of it, as of any other property she might see fit to buy, and it was subject to the same rule as any other chose in action that might be assigned to her; and he claims further that the paid-up policy was merely a continuation of the old

policy, and subject to the same rules as other choses in action in respect of assignability. It does not seem important to consider whether the first policy, after its assignment to Mrs. Wallenstein, was within the rule laid down with regard to policies issued under the act of 1840, because that policy ceased to exist, and it was replaced by the paid-up policy, which expressly was made payable to the wife of the insured. Neither is it important to decide whether that policy was a continuation of the first one. The parties did not see fit to stand upon the provisions of the first policy, nor did they see fit to make the second policy payable in the same way the first had been. When the paid-up policy was taken out, Wallenstein was entitled, by his contract with the insurance company, to have the paid-up policy issued to him; and his wife, by the assignment, succeeded to his right. She saw fit to make that policy payable to herself. Clearly, within all the decisions, the policy thus taken out became a provision for her, and was within the equity of the statute of 1840. Wilson v. Lawrence, 13 Hun, 238; Id., 76 N. Y. 585. To bring such an insurance within the provisions of the act of 1840, it is not necessary that it should appear by the terms of the policy or by extrinsic evidence that it was the intention to take advantage of the provisions of that act. That intention is to be presumed from the beneficial nature of the policy. Brummer v. Cohn, 86 N. Y. 11. If it be said that the second policy was paid for out of the funds of Mrs. Wallenstein, because she owned the first policy, that fact has no effect to change the presumption of law that it was taken out under the provisions of the act of 1840. Frank v. Insurance Co., 102 N. Y. 266, 6 N. E. 667. Whenever it appears that a policy has been taken out upon the life of the husband for the benefit of his wife, whether the premium has been paid out of the estate of the husband or the separate estate of the wife, the courts have invariably held that that policy was within the provisions of the act of 1840, and its assignability was controlled by the laws which have been made in that respect from time to time. Before 1878 it was the undoubted law that a policy upon the life of the husband for the benefit of his wife was not assignable by her, and that such assignments were absolutely void. Eadie v. Slimmon, 26 N. Y. 9; Barry v. Society, 59 N. Y. 587. This condition existed until 1873, when, by chapter 821 of the Laws of that year, a married woman, in case she had no children, might dispose of such policy by a deed duly acknowledged in the same manner as required by law to pass a dower interest in lands. That continued to be the law until 1879, when, by chapter 248 of the Laws of that year, all policies of this nature were made assignable by the wife, with the written consent of the husband. But in each case the assignment could only be executed in a particular way, and with certain formalities; and, unless the assignment was made in the manner prescribed in the act, its validity was still to be controlled by the law as laid down before the passage of these acts. Smillie v. Quinn, 90 N. Y. 492–497. In 1879 such policies did not have the quality of absolute assignability, as other choses in action belonging to a married woman had; for the legislature had always coupled the right to assign with certain for-

malities, and, unless the assignment complied with those formalities, then it was ineffectual for any purpose. The statute permitting the assignment was an enabling act, and the wife took by virtue of it just such powers as the statute gave her. and no more, and she could exercise those powers only in the way the law prescribed. Whoever dealt with policies of that nature must be deemed to know that any assignment which he took required for its validity that it should be accompanied with the formalities that the statute imposed, and that if it was not it was void. The fact that the legislature by a subsequent statute gave a married woman greater powers with respect to the transfer of property than they originally had is a matter of no importance in this connection. The policy of the legislature in respect of this matter must be ascertained by considering the condition of the law at the time this assignment took place. It was clearly not the intention to make policies of this kind freely assignable. It could only be done as the statute provided, and as was said in the case of Smillie v. Quinn, 90 N. Y. 492–497, if the assignment was not made in that way, it was practically no assignment at all. It was the intent to make these policies a security for the family and the wife, and that intent would be defeated if policies were held to be assignable in the ordinary way in which choses in action might pass. For that reason the special formalities are absolutely required, and in the absence of them it cannot be said that the assignment passes a title.

There is nothing in the fact that Hamburger paid to the husband a certain sum of money for the policy. There is no question of estoppel in the case. There is no pretense that this money, if paid, was paid for the benefit of Mrs. Wallenstein, or that she had any knowledge of its payment. If the assignment was void, there can be no estoppel, as to her, to insist upon that fact when it became necessary to do so. Wilson v. Lawrence, 13 Hun, 238. We think, therefore, that the conclusion of the learned justice at the special term was not correct.

But it is claimed that the defendant has lost the right to insist upon the invalidity of the assignment because that right is barred by the statute of limitations; the assignment having been made in 1879, and this action having been begun more than 10 years later. Whether that point is well taken depends upon the question whether the assignment is valid, so that it required action on the part of Mrs. Wallenstein to set it aside, or whether it was utterly void as to her. Upon that point we think there can be no question. The assignment was not made in the way that the statute required. No title passed to Hamburger by it, therefore, and, although he had possession of the chose in action, yet, if he had collected the money upon it, Mrs. Wallenstein could have collected it, because, as he had no title to it under the assignment, he would have held the money in trust for the person who was the real owner of it. As it was not necessary for her to bring any action to set aside this assignment, as it was absolutely void, and she could insist upon its invalidity whenever she saw fit, I do not think that the statute of limitations applies.

The result of the whole case is that the assignment of the policy being absolutely void, and there being no reason why Mrs. Wallen-stein should not insist upon that fact, the amount of the policy should have been adjudged to be payable to her; and therefore the judgment awarding it to the plaintiff should be reversed, and a new trial granted, with costs to the appellant to abide the event of the action. All concur.