NEW YORK COUNTY—HON. CHARLES P. DALY, ACTING SURROGATE—December, 1862.

# BROOME v. VAN HOOK.

*In the Matter of the Accounting of the executor of* JOHN L. BROOME, *deceased.*

An executor claimed credit on his accounting for moneys advanced to a sister of the testator in his lifetime.

*Held,* that the court might presume, after a long lapse of time,—*e. g.*, twenty-six years,—a request by the testator, and hold the estate responsible. But inasmuch as the executor had omitted to prove the claim within the statute period of limitation, the credit could not be allowed.

But moneys advanced to the sister as a legatee, after the death of the testator, though made out of the executor's private means, and not out of the estate, must be allowed as a charge against the estate.

The payment of taxes by the executor accruing on the real estate, subsequent to the testator's death,—being for the benefit of the heirs,—the court, after a long lapse of time, will presume a request, and allow as a charge against the estate.

After a lapse of upwards of twenty years, the court will presume that the executor, in paying a debt barred by the statute, had evidence of a new promise by the testator, and credit should be allowed accordingly for such payment.

So, the payment of a judgment obtained against the executor on a demand barred by the statute, on proof of a new promise made by him,—*Held,* a proper charge against the estate. Every presumption must be given in favor of the executor after a long lapse of time,—*e. g.*, twenty-one years, —that he had good and sufficient reasons for making the new promise.

Where there is a conflict of testimony as to certain payments alleged to have

been made to the widow by the executor, and no vouchers are produced, —*Held,* that such payments will not be allowed.

The executor is not chargeable with dividends due the estate, not actually received by him, he having allowed such dividends to be retained in satisfaction of a debt due from the testator, even where such satisfied debt was barred by the statute.

The facts fully appear in the opinion.

HENRY WHITTAKER, Jr., *for Petitioners.*

CUMMINS, ALEXANDER & GREEN, *for Executor.*

THE SURROGATE.—Van Hook is cited, by the parties entitled to distribution, to render an account of his proceedings as executor of John L. Broome, deceased. Twenty-six years have elapsed since letters testamentary were granted, during which he has rendered no account,—except a partial one, about fourteen years ago, on the requisition of a creditor, to the settlement of which the petitioners in this proceeding were not parties. Four classes of charges in the account rendered by the executor are objected to by the petitioners; and they further claim to surcharge the account with sundry credits omitted by the executor.

As to one of these classes, the executor testified that he made them in the lifetime of the testator, by direction of Mrs. Boggs, a sister of the testator, and on her account; that he had not been repaid by her, but that he had had funds of hers in his hands subsequently. In the absence of positive evidence of repayment by the person for whose account these payments were made, the court, after this long lapse of time, would presume a request by the testator, and a payment for his account, and would hold the estate responsible; but, inasmuch as the executor has omitted to prove these claims before the surrogate, within the usual period of limitation, I must hold, on the authority of *Treat* v. *Fortune* (2 *Bradf.,* 116), and *in re Rogers*\* (11 *L. O.,* 245), that they must be disallowed.

---

\* S. C., *Ante,* 231.

As to another of these classes, the executor testified that after the death of the testator, having no funds of the estate, he was requested by two other sisters of the testator to make these payments for account of Mrs. Boggs, and did so in the same manner as the last class referred to. The executor testified that "at the time he made these payments, he had no money of Mr. Broome's estate in his hands;" and that he made them "on advisement with Mrs. Livingston and Mrs. Noon, two of Mrs. Broome's sisters, who said there would be no difficulty," and who assured him "that Mrs. Boggs would reimburse him,"—Mrs. Boggs having previously directed him to pay Mr. Broome's debts. In the absence of evidence of repayment by Mrs. Boggs, the payments must be allowed against the estate.

One of the last class of items was a payment of taxes on the real estate of the testator, accruing subsequently to his death. The payment being for the benefit of the heirs, the court, after this long lapse of time, will presume a request. The payment is therefore allowed.

One of the same class was a payment of a debt barred by the Statute of Limitations before the death of the testator. After this long lapse of time, the court will presume that the executor had evidence of a new promise, and that the payment was properly made.

Another class were two payments alleged to have been made to the widow, for which no voucher was produced. The widow positively swore that she never received them. The executor swore that he paid them to her, but failed to account for the absence of a voucher, further than by saying he never expected to be called on to account. On such a conflict of testimony, in the absence of vouchers, the payments must be disallowed.

Another class were payments made on a judgment obtained, in 1841, against the executor under the following circumstances: The executor pleaded the Statute of Limitations, and then abandoned the defence of the action and suffered an inquest, and the plaintiff had judgment on proof of a new

promise by the executor, eleven years after the accruing of the debt, and five years after the death of the testator. Every presumption must be given in favor of the executor, after this long lapse of time; and the court will presume that the executor had good and sufficient reasons for making the new promise. I allow the item in question.

The estate was entitled to a yearly sum or dividend from John W. Livingston, executor, and the executor omitted to give credit for four years' dividends, from 1844 to 1847. In order to account for the absence of such credit, he testified that Mr. Livingston rendered him an account in 1847, in which he charged a debt due to him from the testator, but barred by the Statute of Limitations; that the executor allowed the same, but took no voucher for it. The executor ought not to be charged with the dividends in question, inasmuch as he did not actually receive them.