PAUL WING, executor, *vs.* ASAHEL H. MERCHANT.

A valid gift, *inter vivos*, of a promissory note, payable to the order of the payee, may be made without indorsement or other writing.

And where the note is already in the possession of the donee, proof of an actual manual tradition at the time of making the gift, is not essential.

But the actual transfer of the possession of an unindorsed negotiable promissory note to the donee, supplemented three years thereafterwards by plenary evidence of an intentional release to the donee by the donor of any right to deprive the donee of the possession of it, constitute a complete gift, *inter vivos*.

ON REPORT.

ASSUMPSIT by the plaintiff as executor of the last will and testament of Timothy Woodward, deceased, to recover two hundred dollars, alleged to have been left with the defendant for investment, by the deceased.

The action was defended upon the ground, that the money sued for was the property of Mrs. Asahel H. Merchant, wife of the defendant, and daughter of the deceased, by virtue of a gift to her by her father in 1861, which was about three years before his decease.

The evidence tended to show, that in 1862, Timothy Woodward left with his daughter, Mrs. Merchant, some notes payable to himself, and amounting to about $200, for safe-keeping; that she collected interest, and let her father have some small sums from time to time as he called for them, until about three years before he died, in February, 1865, when, as she testified, "my father gave the money to me. He said he did not think this would be any help to my insane sister Mary, if he should save it for her support, and I had done more for him than all the rest of his children, and staid with him longer, and he gave it to me. There was no one present when the notes were given to me. He was at my house at the time, in the sitting-room. The notes were at the time in a box in a chest, and the chest in my sleeping-room. Do not know as father did anything at the time any more than to tell me that he gave them to me for my labor, and what I had done for him."

There was also testimony tending to show, that after the notes were given to Mrs. Merchant, her sister, becoming insane, was supported at the insane hospital, and the money from the notes was paid by Mrs. Merchant for the support of her insane sister.

*A. Libby*, for the plaintiff.

The *onus* is on the defendant.

To constitute a gift, it must be unconditional, absolute, accompanied by such a delivery as the property is susceptible of. *Dole v. Lincoln*, 31 Maine, 422. *Allen v. Polereczky*, 31 Maine, 338. *Shower v. Pilck*, 4 Excheq. 477. *Noble v. Smith*, 2 Johns. 55. *Allen v.*

*Cowan*, 28 Barb. 99. Delivery not sufficient. *Shower* v. *Pilck*, *supra*.

*S. Lancaster*, for the defendant.

BARROWS, J. The circumstances which oblige us in some cases to look with suspicion upon a defense which asserts that property claimed by an executor or administrator in his representative capacity, has passed by a gift from the deceased to one of his heirs, are not found in the case at bar. The defendant, with the consent of his wife to whom it is claimed the property was given, has appropriated it already for the benefit and support of an insane sister of the wife, a daughter of the deceased, and he is indemnified against ultimate liability in this suit. The testimony comes free from selfish bias; and the naked question is, whether enough was said and done by Timothy Woodward, the plaintiff's testator, to constitute a valid gift. The money and notes, amounting to about $200, had been placed by the testator, several years before his death, in the hands of the defendant for safe-keeping; and for some time subsequently he was accustomed to call on the defendant and his wife for such little sums as he wanted on account of them, and the defendant kept an account of what was thus repaid. The wife personally had the charge of the notes and kept them in a box, which was placed in a chest in her sleeping-room, and she seems to have made most of the small payments to her father which he called for. While the matter stood thus, three or four years before the testator's death, as Mrs. Merchant, the defendant's wife testifies, he said, in conversation with her about the money represented by these notes, that she had done more for him than all the rest of his children; had staid with him longer; and that he gave it to her. The notes were then in the box in her sleeping-room; they were not indorsed; they were payable to her father. She says, " I do not know as father did any thing at the time any more than to tell me that he gave them to me for my labor and what I had done for him. . . . After he gave me the notes he never called on me for any money."

It would seem that there was no selfish solicitation for the gift, but, on the contrary, that Mrs. Merchant, in this conversation, and the defendant in another talk with the testator about the same time, suggested to him that it ought to be appropriated for the support of the insane sister, and that when he gave the notes to Mrs. Merchant, he said, apparently in reply to these suggestions, that he " did not think this would be any help to her if he should save it for her support."

Now it is insisted, on the part of the plaintiff, that here was no indorsement of the notes, and no delivery of them to Mrs. Merchant at the time of the conversation, and consequently no valid gift.

But it has been settled, that a valid gift of a negotiable promissory note may be made, either *inter vivos* or *causa mortis*, without indorsement or other writing. *Grow* v. *Grow*, 24 Pick. 261. *Borneman* v. *Sidlinger*, 15 Maine, 429.

To perfect the gift in either case, delivery to the donee or to some person for him is necessary ; such delivery as the subject of the gift is capable of. But, in case of a gift, *inter vivos*, where the property has passed into the possession of the donee, and has been held by him in a manner indicating a change of the title to the property, and a recognition of the donee's title by the donor, proof of actual manual tradition at the time of making the gift may well be dispensed with.

No particular ceremony is necessary to constitute a delivery when there is actual possession by the donee, accompanied by satisfactory evidence that the donor has relinquished all control of, and claim to the subject of the gift, in her favor. I borrow a book of my friend, and, while it is in my possession, he says, " I make you a present of it," and I hold it thereafterwards as mine ; it cannot be essential to the validity of the gift that I should first put it into his hands in order that it may be returned to mine. *Lex non cogit ad vana seu inutilia.*

The actual transfer of possession to the donee whenever and however accomplished, if supplemented by plenary evidence of an intentional release to the donee, on the part of the donor, *per verba de*

Wing *v.* Merchant.

*præsenti*, of any and all right or claim ever to resume the possession, or to deprive the donee of it, will make a complete gift *inter vivos*. It matters not whether the change of possession takes place before or after, or at the time of the utterance of the words importing a gift, if there is a manifest design on the part of the donor that the donee should thereafterwards hold such possession absolutely, as of his own property. Thenceforward, the possession and the right are concurrent in the same person, and the gift is perfect and irrevocable.

These elements we find in the case at bar. The notes were already in the possession of Mrs. Merchant, when the testator, in conversation with her respecting them, used language importing a present, absolute, unconditional gift, and a making over of all his interest in them to her. From that time during the remaining three or four years of his life, he never called upon her or her husband for small sums on account of them, as he had before been accustomed to do. The defendant exchanged the notes for others, and paid, not to the testator, but to Mrs. Merchant, such sums on account of them as she called for.

There is an essential difference between this case and that of *Shower* v. *Pilck*, 4 Excheq. Rep., relied on for the plaintiff.

There, though the silver plate was in the possession of the alleged· donee, the language of the testator implied nothing beyond a promise to give in the future. *Judgment for the defendant.*

KENT, WALTON, DANFORTH, and TAPLEY, JJ., concurred.

APPLETON, C. J. I concur in the opinion. Delivery is essential to pass the title to a chattel by gift; but if, at the time, the donee is in possession, as the donor's agent, he need not surrender it for a redelivery; if the donor relinquishes all dominion and control, and recognizes the donee's possession as being in his own right, and the donee so accepts and releases possession with the donor's consent, it is sufficient. *Tenbrook* v. *Brown*, 17 Ind. 410.