MARY HARRIS v. CHARLES C. HOPKINS, ADM'R OF THE ESTATE OF SYLVIA O. YOURAN.

*Gift—Possession.*

Evidence that a decedent had stated positively that she had given certain specified property to her sons and had previously declared an intent to give it, and that one of the sons remained at her house until her death, warrants a finding of a complete gift *in præsenti*, and at all events a finding that all parties unterstood that there was a complete gift with no intention of revocation and such possession as was possible.

Error to Wayne. Submitted April 8. Decided April 14.

REPLEVIN. Defendant brings error.

*James H. Pound* for plaintiff in error. A gift is valid if the intent to make it is clear, and if there is anything from which delivery is inferable, *Ellis v. Secor* 31 Mich. 185; *Wallace v. Harris* 32 Mich. 380; *Latham v. Udell* 38 Mich. 238; *Davis v. Zimmerman* 40 Mich. 24; *Crittenden v. Phœnix Life Ins. Co.* 41 Mich. 442.

*George A. Cady* for defendant in error.

CAMPBELL, J. Defendant in error sued Mary Harris in replevin before Alexander G. Comstock, a justice of the peace of Wayne county, to recover certain furniture which he claimed as belonging to the estate of decedent, and which Mary Harris claimed as belonging to Myron and Harvey Blaun, by gift from decedent. The justice found there had been a valid gift. The case was taken on certiorari to the Wayne circuit court, where the justice's judgment was reversed. It now comes up on error from the circuit court.

The justice returns that he was satisfied there had been an actual gift and delivery by decedent to Myron and Harvey, who were her sons. The record shows she states positively that she had given the property to them,

and there were previous declarations of an intent to give it. It shows also that one of the sons remained at the house till his mother's death. We think there was enough to justify the justice in coming as he did to the conclusion that all the parties understood there was a complete gift without any intention of revocation, and with such possession as was possible. We think further that the evidence would have justified the finding of a complete gift *in præsenti*, if the justice had so found.

Under circumstances such as appeared in this case it was a very natural and reasonable thing for a mother to desire to have her property go directly to her children without the expense of administration, and the case does not indicate that the suit was brought in furtherance of justice.

We think the circuit court erred in reversing the judgment of the justice. The judgment of the circuit court must be reversed, and that of the justice affirmed, with costs of this court and of the circuit.

The other Justices concurred.