PROVIDENCE INSTITUTION FOR SAVINGS *vs.* JAMES W. TAFT *et als.*

The delivery of a thing given is not necessary when the intended donee is already in possession of it, but in such a case the gift if completed and unambiguous may be effected by a simple oral declaration.

The gift of a savings bank pass book is in effect a gift of the deposit.

*Tillinghast* v. *Wheaton*, 8 R. I. 536, affirmed.

BILL OF INTERPLEADER.

*May* 16, 1884. DURFEE, C. J. This is a bill of interpleader which presents a conflict of claims between John W. Taft, administrator on the estate of the late Amos Hayden, and Charlotte R. Hayden, mother of said Amos, to a sum of money formerly deposited in the Providence Institution for Savings, in the name of Char-

lotte R. H. Croak, a sister of said Amos.   The case is this: In August, 1879, Mrs. Croak was living with her mother, Mrs. Hayden, at Bullock's Point.   Her brother, the said Amos, came there with $700, and stated that he had carried it to the Providence Institution for Savings for deposit, but had found the institution closed for the afternoon, and he requested to have the money kept in the house until the following day, and that then either his mother, or his sister Mrs. Croak, would deposit it.   Mrs. Croak carried the money the next day to the Providence Institution for Savings, together with the bank book of said Amos, to deposit it, but found that said Amos had already $800 on deposit, and that under its rule the bank would receive only $1,000 on any one account.   By advice of the bank she deposited $200 in the name of said Amos, making his account up to $1,000, and the remaining $500 in her own name.   She shortly afterwards sent the book containing the $500 deposit by her mother to the said Amos, and the said Amos placed it in the custody of his mother, as he had before done with the bank book containing the $1,000 deposit. In August, 1880, the said Amos, who was indebted to his mother for money loaned and services rendered, recognizing the fact, and expressing a desire to make some provision for her, declared to her in the presence of Mrs. Croak that he gave to her the two bank books then in her possession, and that he should never call for them.   Subsequently, in various conversations with his mother and sister, he ratified the gift and spoke of the books as belonging to his mother.   He died soon afterwards without reclaiming them.   The question is whether the gift of the $500 bank book, there having been no actual delivery of the book at the time or subsequently, amounted to a valid gift of the money represented by it.

In *Tillinghast* v. *Wheaton*, 8 R. I. 536, this court decided that the gift of a savings bank pass book was in effect a gift of the deposit evidenced by it.   It is not contended that the case at bar is distinguishable from *Tillinghast* v. *Wheaton*, except in the matter of delivery.   There are cases which hold that a delivery is so essential to a gift that it cannot be dispensed with even when the donee is already in possession.   *Shower* v. *Pilck*, 4 Exch. Rep. 477; *Cutting* v. *Gilman*, 41 N. H. 147; *French, Adm'r*, v. *Ray-*

*mond*, 39 Vt. 623. There are other cases, however, more numerous, and in our opinion more authoritative, which hold that a delivery is not necessary when the intended donee is already in possession, but that in such a case the gift, if completed and unambiguous, may be effected by a simple oral declaration. *Tenbrook* v. *Brown*, 17 Ind. 410 ; *Wing* v. *Merchant*, 57 Me. 383 ; *Carradine* v. *Carradine*, 58 Miss. 286 ; *Southerland* v. *Southerland*, 5 Bush, 591 ; *Waring's Adm'r* v. *Edmonds*, 11 Md. 424 ; *Stevens* v. *Stevens*, 2 Hun, 470 ; *Penfield* v. *Thayer, Public Administrator*, 2 E. D. Smith, 305. And see *Winter* v. *Winter*, 9 W. R. 747 ; 101 Eng. Common Law, 997 ; *Roberts* v. *Roberts*, 15 W. R. 117. We decide on the authority of these latter cases that Mrs. Hayden is entitled to the money as a gift *inter vivos* from her son. Let the decree be accordingly.

*Decree accordingly.*

*James Tillinghast*, for complainant.

*Charles L. Steere & John D. Thurston*, for respondents.