FRED PORTER, PLAINTIFF, *v.* NELSON GARDNER, DEFENDANT.

60h     571
65 AD¹593
65 AD⁵595
65 AD²596

*Gift — evidence as to the intent to give and the fact of delivery — when a question for the jury — declarations of the donor that the donee is the owner.*

The situation, relation and circumstances of the parties, and of the subject of a gift, may be taken into consideration in determining the intent to give and the fact as to the delivery.

The owner of a farm leased it to her nephew, reserving the right to pasture two colts. At the time of the lease, and subsequently, three colts which had belonged to her were pastured there. The owner expressed an intention to give the third colt, which was two years old, to her nephew. She also said that she would keep it for him until it was three years old, and that he might keep it right there. After this the nephew took charge of it. Other witnesses testified that she had told them she had given it to her nephew.

In an action brought by the nephew against her executor to recover for a conversion of the colt:

*Held*, that the plaintiff should not have been nonsuited, and that the question as to whether or not there was a delivery should have been submitted to the jury.

Where an article given is, at the time of the gift, in the custody of the donee, the declarations of the donor to the effect that the donee is the absolute owner thereof will authorize the inference of a complete delivery by the donor.

EXCEPTIONS of the plaintiff Fred Porter directed to be heard in the first instance at General Term, after a trial at the Cortland Circuit before the court and a jury on the 19th day of June, 1890, at which the plaintiff's complaint was dismissed.

This action was brought for the conversion of a colt of the value of ninety dollars. The defendant claimed that the colt was a part

of the estate of Jane P. Markham, deceased, of whose will he was the executor. The main issue at the trial was whether Mrs. Markham, before her death, gave the colt to the plaintiff. At the close of the evidence the court ordered a nonsuit.

*B. A. Benedict*, for the plaintiff.

*Dorr C. Smith*, for the defendant.

MERWIN, J. :

On the 7th March, 1887, Mrs. Markham was the owner of a farm of about ninety acres in the town of Homer. At that date she and the plaintiff, who was her nephew, entered into a written agreement, by which she did " demise and lease her farm, with the appurtenances," to the plaintiff for the term of one year from the 1st of March, 1887, she agreeing to leave on the farm all the farming tools, eight cows, a team and some other property, and pay all taxes except the road tax. She reserved " the right to pasture two colts by paying to the party of the second part one-third of the cost of pasturing the same, and also reserves the front part of the house, with front yard, for her own use." The plaintiff, upon his part, agreed to carry on the farm and do all the work in a good and workmanlike manner. It was also agreed that Mrs. Markham should have two-thirds of all the produce of the farm and the plaintiff one-third, and if he did not fulfill the agreement on his part, Mrs. Markham had the right to re-enter and have full possession. The plaintiff moved on to the farm with his family and occupied half of the house. At this time Mrs. Markham had on the farm five colts. Of these, two were quite young and soon after died. Of the remaining three, two were those named in the agreement and the third was the one in controversy and coming two years old that spring. Jennie Porter, the wife of plaintiff, testified that in June, 1887, she heard a conversation at the breakfast table between the plaintiff and Mrs. Markham, in which Mrs. Markham said to plaintiff : " He had been good to her and she wanted to make him a present and she would give him the bay colt; this was after the two smaller colts had died ; that she would never try to raise any more ; she had no mate for it, and she would make him a present of it. Fred said, in substance, to her that he did not want to take anything from her unless she had a mind to

let him have it. She said she was willing that he should have it or she wouldn't give it to him. She said she would keep it for him until it was three years old, ready to break and drive for use; that he might keep it right there. Q. What did she say about his assisting in breaking her colts, if anything? A. She said she would like to have him take care of her colts and break them. Fred took charge of this bay colt after that." This witness also testified that the colts were then in the pasture upon the farm, and so remained until the death of Mrs. Markham the following October, except as they got out or were occasionally taken out by the plaintiff; that this colt remained upon the place in the same way, in the same manner as the other stock of Mrs. Markham, until the time it was sold by the defendant in October; that the plaintiff treated the three all alike; that he had no other place to keep the colt but on the farm. The plaintiff himself testified that when the defendant came there after the death of Mrs. Markham he told him the colt was his, that Mrs. Markham had given it to him, and the defendant replied, he did not dispute it at all, but the question was whether he, the plaintiff, could hold it or not; that after the conversation at the breakfast table the colts were treated in very nearly the same manner as they had been before; that they remained in the pasture except on occasions when they got out, and he had to tie up the bay one, the one in question, in the barn. Another witness, a nephew of the deceased, testified that upon an occasion in July, when the colts had broken out and the plaintiff had got them home, Mrs. Markham was taken out to the road to see them and said: "I want to see these two older colts broke and harnessed together, the little red one I have given to Fred;" that she owed him for work and had given him the little red colt, meaning the bay one; that plaintiff was there near by though not present at the conversation. Another witness testified that upon another occasion in July Mrs. Markham said she had given the bay colt to Fred Porter, and in the last of August or first part of September she told another party substantially the same, and that the colt was the plaintiff's whether she lived or died.

There seems to be no question about the intention of Mrs. Markham, but the defendant claims there was no delivery sufficient to make a valid gift. In some cases it has been held that a delivery

might be inferred from declarations that a gift had been made. In *Grangiac* v. *Arden* (10 Johns., 293, 296), it is said that declarations, referring to and recognizing a gift as having been made, afford reasonable ground for a jury to infer that all the formality necessary to make it a valid gift had been complied with. The principle of this case seems to have been recognized in *Young* v. *Young* (80 N. Y., 435). In *Trow* v. *Shannon* (78 N. Y., 446), a finding of delivery was sustained though there was no direct evidence of it. There were admissions by the donor that she had given the bonds there in question and that they belonged to the donee, and weight was given to these admissions, as some evidence from which the jury might infer that the gift had been completed by an absolute delivery. In *Harris* v. *Hopkins* (43 Mich., 272), it was held that evidence that a decedent had stated positively that she had given certain specified furniture to her sons and had previously declared an intent to give it, and that one of the sons remained in her house until her death, warrants a finding of a complete gift *in presenti*.

So it has been held that a delivery is not necessary when the intended donee is already in possession, but that in such a case the gift, if completed and unambiguous, may be effected by a simple oral declaration. (*Prov. Institute for Savings* v. *Taft*, 14 R. I., 502; *Wing* v. *Merchant*, 57 Me., 383; *Tenbrook* v. *Brown*, 17 Ind., 410; 8 Am. and Eug. Ency. of Law, 1319 and cases cited.) Substantially the same was held in *Taber* v. *Willets* (44 Hun, 348). In *Stevens* v. *Stevens* (2 Hun, 470), a gift *causa mortis* of a note was held to be effectual where there was no delivery in fact, it being said by the court, "the small note was ·in his (the donee's) possession; that is, it was in the bureau in his house and presumptively accessible to him." In *Whiting* v. *Barrett* (7 Lans., 109), it is said by MULLIN, P. J.: "It would seem to me that when the owner of property makes a verbal gift of it to another, such other acquires a perfect title if he gets possession of it before revocation of the gift by the donor, although it was not present when the gift was made, or it was not even *in esse* at the time. The consent that the donee shall take the ·property as owner must be presumed, unless revoked, until possession is obtained."

Under the lease, the plaintiff, as between him and Mrs. Markham, was in possession of the farm. The colt, being on the farm,

was in his actual custody and control. He had the charge and care of it. Upon the evidence it might be found that she had given it to him absolutely. If the declaration in June was only of an intention, the subsequent declarations were of such a character that it might be found that she had made the gift absolute. It might also be found that she had parted with all dominion or control over it, or right to possession which she might have had. If she did so, that would make it a completed gift. The fact that it remained on the farm was not necessarily inconsistent (*Armitage* v. *Mace*, 96 N. Y., 542), nor was the fact of no apparent change in the control. (*Tenbrook* v. *Brown*, *supra*.) The situation, relation and circumstances of the parties, and of the subject of the gift, may be taken into consideration in determining the intent to give and the fact as to delivery. (*Cooper* v. *Burr*, 45 Barb., 33.) In that case it is said that a total exclusion of the power or means of resuming possession by the donor is not necessary. In *Penfield* v. *Thayer* (2 E. D. Smith, 305), it was held that it was not necessary to take at the time manual possession. If the article given is at the time in the custody of the donee, the declarations of the donor to the effect that the donee is absolute owner, and characterizing the possession of the donee as absolute, will authorize the inference of complete delivery by the donor. An acceptance may be implied when the gift, otherwise complete, is beneficial to the donee. (*Beaver* v. *Beaver*, 117 N. Y., 429.) In *Hunt* v. *Hunt* (119 Mass., 474), a bond was lent by the owner to the defendant, the owner taking therefor a receipt. There was evidence that afterward the owner, while sick in bed, made, verbally, a gift of it to defendant without any other delivery of the bond, and promised to return the receipt when he should be able to get it; that he afterward told another party that he had provided for the defendant and his children by giving a bond to the defendant. It was held that the question of delivery was a matter of fact for the jury.

In the present case we are of the opinion that the question of delivery was for the jury to decide, and that, therefore, the motion for a new trial should be granted.

HARDIN, P. J., and MARTIN, J., concurred.

Motion for a new trial granted, with costs to abide the event.