(10 App. Div. 592.)

### In re ROGERS' ESTATE.

(Supreme Court, Appellate Division, Second Department. December 8, 1896.)

1. GIFTS—EVIDENCE.
    A transfer of $1,000 from the bank account of an old, feeble, and ignorant woman, uncertain in mental action, and of little property, to the account of a daughter, will not be sustained as a gift, though made at her direction, and though the daughter testifies that she gave it to her, she testifying that she only intended to give her $100, and it appearing that, when she first went to the bank, she could not think what she wanted, and that the daughter pushed her back to give her time to think.

2. ADMINISTRATRIX—ACCOUNTING.
    An administratrix, electing to treat money of hers in the hands of a distributee as payment of the distributive share, is entitled to be credited therewith.

Appeal from surrogate's court, Kings county.

Final judicial settlement of the accounts of Priscilla Rogers, administratrix of Francis Rogers, deceased. From the decree, the administratrix appeals. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Towns & McCrossin, for appellant.
Walter I. Taylor, for respondent.

HATCH, J. The power of this court in the review of the decision of the surrogate is not limited, as respondent supposes, to a determination of whether there exists evidence upon which the decree of the surrogate may be supported; for by section 2586 of the Code of Civil Procedure the court is vested with the same power in the review of questions of fact as is possessed by the surrogate, and the whole case is to be examined as well upon the facts as upon the law, and the appellate court is to determine for itself whether the case upon the facts was correctly decided, when such question is presented by the appeal. Gilman v. Gilman, 3 Hun, 22; In re Hardenburg's Will, 85 Hun, 580, 33 N. Y. Supp. 150; Kingsland v. Murray, 133 N. Y. 170, 30 N. E. 845; Burger v. Burger, 111 N. Y. 523, 19 N. E. 99, and 21 N. E. 50. Prior to the adoption of the present Code, this power was possessed by the court of appeals, as well as by the supreme court. Robinson v. Raynor, 28 N. Y. 494.

The present appeal is upon the facts and upon the law, as is authorized by section. 2576, Code Civ. Proc. We are therefore called upon to examine the evidence adduced upon the hearing before the surrogate, and to determine therefrom whether it warranted the decree which was made. The administratrix was the wife of Francis Rogers, who died on the 30th day of May, 1894, leaving an estate in personalty, as was conceded, of $2,940.86. The only persons entitled to take of the estate are the wife, and Matilda Tweedy and Priscilla Wright, the daughters, of the intestate. It was also conceded that the distributive share of each of the daughters was the sum of $880.78, and that Matilda had received her share. It was also conceded that Priscilla, who objects to the account, has received money from the administratrix in the sum of $1,300. But it is claimed by her that only $200 thereof was on account of her distributive share, in consequence of which there is still due to Priscilla the sum of $680.78 from the estate; and the decree directs the appellant to pay over that sum to her, together with her costs upon the accounting.

The decision of the learned surrogate proceeded from the determination that the delivery of the money by the mother to this daughter was not in payment of her distributive share, but was a gift inter vivos, and that appellant is not now entitled to have the same applied in discharge of any such distributive share. Whoever alleges a gift must establish it by satisfactory proof. Where the matter is left in doubt, upon the whole case, the case must fail. Doty v. Wilson, 47 N. Y. 580; Alsop v. Bank (Sup.) 21 N. Y. Supp. 300. The transaction relied upon should have that cogency of proof which, fairly measured, supports the claim put forth. And when the parties are not upon even terms as respects age, intelligence, and capacity, evidence which tends to defeat the right of the weaker party should be weighed and scrutinized with care. Among the

essentials of a good gift inter vivos is competency to make it, intention to do it, and freedom of the will in execution. Deposit Co. v. Huntington, 89 Hun, 465, 35 N. Y. Supp. 390.

The testimony in support of the gift rests entirely upon the evidence given by the donee. She states that when her mother was sick at one time she cared for her, and also cared for her father when he was sick, and that it was when rendering this aid that the appellant promised to reward her; that the latter appeared to care more for her than for her other daughter. A thousand dollars of the money which Priscilla received was transferred in the savings bank from the account of the mother to that of the daughter, and it is conceded that direction for the transfer was given by the former. Plaintiff's version of this transaction is that her mother asked her to go to the bank with her, stating that she would give her what was promised long ago. They went to the bank, and when the mother reached the clerk's desk—

"She could not think of what she wanted, and the clerk at the desk said to her to step back of the rail. I took her arm, and pushed her back, and went back myself. She said I pushed her back. So, after that was done, she had her bank book on the table, and she touched the pen, and signed it to be transferred in the book. * * * I pushed her; did not hurt her; only pushed her back against the railing. She did not fall. She walked away to think of what she wanted. Then she ordered the teller to pay me $1,000, and she said: 'Now, I give you that, and there is another for Ann. Don't let her know. She will not get it unless she behaves herself. I give you this because you deserve it.' "

The evidence in support of the gift of the $100 is quite meager. Plaintiff denied having been paid $300, as claimed by the mother, but admits that she was paid $200, and adds, in that connection, "The first $100 she gave as a present." This is all the evidence of a gift of this sum which the record discloses. And the foregoing is the substantial evidence upon which the claim of gift must be upheld, if at all. It was conceded by the daughter, at the time of the transaction at the bank, that she was in possession of the bank books and papers of her mother. She claimed that the latter voluntarily delivered them to her, with a request that she keep them. Subsequently she testified, in excuse of why she kept them, to a conversation, had when she was leaving her mother's house, with one Murphy, who was upon appellant's bond as administratrix, in which she stated to him:

"We are going to move. We could not get along. I had the papers, and I said I wanted to give her the papers before I moved. He said: 'You are a fool to give them up. The old lady is not in her right senses.' I said I would keep the papers with me."

So far as appears, she has retained them since, and the fair inference would seem to be that she kept them because she regarded her mother as incompetent to care for them. It is undisputed that appellant is a feeble old woman, who can neither read nor write, and of little property. Her testimony upon the hearing tended to establish that the daughter Priscilla had moved from the house, and carried away all the bank books, deed of the house, and other papers belonging to the latter, and refused to surrender them upon

demand; that, in order to repossess herself of them, she promised to give her daughter $100; and that they both went to the bank to draw the money. While at the bank she claimed that the daughter pushed her, causing her to come in severe contact with the railing, which dazed and unsettled her mind, and, being unable to read or write, she was not aware of what she did, and that, instead of only transferring to her daughter's account $100, she learned afterwards that she had transferred $1,000. She further claimed that, when the $200 payment was made, she in fact paid $300.

It is quite evident, from this recital, that this mother and daughter did not deal upon even terms. The one was old, feeble, and ignorant, and of uncertain capacity. The other was comparatively young, in good health, and of superior understanding. The daughter knew the infirmities of her mother, her mental incapacity, and how it was regarded by others. It is charitable to presume that she kept the old lady's papers for the reason that she did not deem the latter capable of caring for them. Under such circumstances, a duty devolved upon her to be extremely careful to see that her mother did not waste her small property, by improvident gifts or otherwise. The daughter knew, when she was at the bank, that her mother was uncertain in her mental action; and the push which the former admittedly gave her was not calculated to restore her mind to a more orderly course. We can readily see that it may well be true that the old lady did not intend to give so much of her all as $1,000 when at the bank; and it is clear, from her conceded mental condition at that time, that she might not readily discover that she gave $1,000, instead of $100. We ought not to support this transaction as a gift, and leave an indebtedness in favor of the daughter, except upon clear proof establishing such intention. We have already seen that clear proof of a gift is required, and the burden here is upon the contestant of establishing it. We are of opinion that she has not met this requirement. On the contrary, we are of opinion that the conceded facts and circumstances, and the equities of the case, fairly sustain appellant's contention that a gift in amount of the two sums of money was not intended. Appellant had the right, upon discovering what had been done, to treat the transfer of the money as moneys held by the daughter for appellant's use, and regard them as applicable to the payment of the daughter's distributive share in the estate. The appellant would be entitled to the allowance of the amount of the distributive share upon the accounting, if she had advanced such sum from her private funds. Redf. Prac. Sur. Cts. (5th Ed.) 785; Broome v. Van Hook, 1 Redf. Sur. 444; In re Keef, 43 Hun, 101; Tickel v. Quinn, 1 Dem. Sur. 432.

We see no difference, in principle, between allowing for advances made, and crediting the administratrix with her moneys already in the hands of the distributee as applicable to the payment of such distributive share. Claim for board of infants, on an accounting, has been allowed to be offset by claim for labor performed by

them. Evertson v. Tappen, 5 Johns. Ch. 497. The principle of allowance in both cases is the same. Upon an accounting the surrogate is vested with such equitable powers as will enable him to do exact justice between the parties thereto. In re Niles, 113 N. Y. 547, 21 N. E. 687. The appellant elected to treat the moneys in the hands of the daughter as payment, to the extent necessary, of the latter's distributive share of the estate. We think the surrogate was vested with equitable power so to determine, and that such determination should have been made.

The decree of the surrogate should be reversed, and the accounts of the administratrix settled in accordance with the account rendered, with costs of the hearing before the surrogate and of this appeal to the administratrix, to be paid by the contestant. All concur.