In re SWADE.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. GIFT CAUSA MORTIS—PRESUMPTION.
    Where a gift is made by a donor during his last sickness, it is presumed to be made causa mortis.

2. SAME—EVIDENCE—PRIOR STATEMENTS BY DONOR.
    On an issue as to the validity of an alleged gift causa mortis, evidence that shortly prior to the transaction the donor had told witnesses that she did not expect to live long, and that she wanted the donee to have everything out of doors and in the house, was competent.

3. SAME—DELIVERY.
    Where donor and donee were sisters, living together, and at donor's request donee took a package from a desk, which was in their common bedroom, and which was used by both for their valuable papers, and donor took the package, and handed it to donee with a declaration of its contents, saying that she gave them to donee to do with as she saw fit, and donee returned the package to the desk, locking it, and retaining the key, there was a sufficient delivery of the contents as a gift causa mortis.

4. SAME—PACKAGE—EVIDENCE OF CONTENTS.
    Evidence that donor, in delivering a package of papers to donee, who claimed them as a gift causa mortis, said that, "These are my valuable papers, bonds, mortgages, notes, and bank book," was prima facie evidence of the identity of the securities, sc as to sustain the gift.

5. SAME—ADMISSION OF EVIDENCE—HARMLESS ERROR.
    Where donor and donee were sisters, living together, and donor fell ill on October 3d, and on that day declared to a nephew that she wished donee to have her property, and on October 8th in the presence of her niece, nephew, and grandnephew, requested donee to bring her a certain package from a desk used by donor and donee in common, and handed such package to donee, saying that it contained her valuable papers, bonds, mortgages, notes, and bank book, which she gave to donee, and donee returned the package to the desk, locking it, and keeping the key, the evidence was sufficient to establish a gift causa mortis; and error, if any, in allowing donee to testify to acts concerning the package after donor's death, was harmless.

Appeal from surrogate's court, Dutchess county.

In the matter of the final and judicial settlement of the account of Catharine A. Swade as administratrix of Sarah M. Swade, deceased. From a decree of the surrogate court settling the account, one of the heirs appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frank B. Lown, for appellant.
Milton A. Fowler, for respondent.

JENKS, J. Sarah M. Swade, the alleged donor, was a spinster between 60 and 70 years of age. For 25 years she and her unmarried sister, Catharine, the alleged donee, had lived alone on a farm owned in common by them and their sole surviving sister, who was married. Sarah Swade died intestate, leaving surviving her the said two sisters, nephews, and a niece, who alone attacks the alleged gift. It does not appear that she left any creditors. I state these circumstances as they may be considered in determining "the intent and the fact of the delivery." Cooper v. Burr, 45 Barb. 9; Porter v. Gardner,

60 Hun, 571, 15 N. Y. Supp. 398. In Fowler v. Lockwood, 3 Redf. Sur. 465, it was said that, when the rights of creditors are not involved, the testimony to establish the gift need not be as strong. Sarah Swade fell ill on October 3, 1898. On the 8th day of that month, in the presence of the niece, a nephew, and a grandnephew, she asked her sister Catharine to fetch a package of papers from a desk near her bed, in their common bedroom. Catharine thereupon brought a packet wrapped in slate-colored muslin, which contained papers and envelopes, to Sarah. Sarah said: "These are my valuable papers, bonds, mortgages, notes, and bank book, and I give them to you to do with as you see fit, both real and personal, indoors and out." Sarah then gave the packet back to Catharine, who took it, put it in the desk, locked the desk, and kept its key. The presumption is that, if there was any gift, it was one causa mortis. The rule in Pom. Eq. Jur. § 1146: "If a gift is actually made by a donor during his last sickness, or under any other circumstances which would naturally impress him with an expectation of speedy death, it will be presumed to be a donation causa mortis, although the donor does not, in express terms, declare it to be such," is approved by Follett, J., in Bliss v. Fosdick, 86 Hun, 162, 173, 33 N. Y. Supp. 317, which case was affirmed on the opinion below in 151 N. Y. 625, 45 N. E. 1131. This presumption is fortified by the testimony of John Delamater, a nephew, that on October 3, 1898, Sarah told him that she did not feel well, and that she did not think she would live a great while, and that she wanted Aunt Catharine to have everything outdoors and in the house. A gift, however, is not presumed. In re Bolin, 136 N. Y. 177, 180, 32 N. E. 626; Devlin v. Bank, 125 N. Y. 756, 26 N. E. 744. The question first presented is whether the donee has established the gift by evidence "clear, convincing, strong, or satisfactory,"—by evidence which is "very plain and satisfactory." Devlin v. Bank, supra; Ridden v. Thrall, 125 N. Y. 572, 576, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758; Scoville v. Post, 3 Edw. Ch. 216; Grymes v. Hone, 49 N. Y. 17, 10 Am. Rep. 313. In addition to the facts of the transaction itself, there is the evidence of Mrs. Montfort, the intestate's niece, who had lived with the sisters for 10 years, that she had heard Sarah declare that she wanted Catharine to have everything, and that she intended to give Catharine everything if Catharine survived her; and the testimony of the nephew, Mr. Delamater, that on October 3, 1898, Sarah said that she did not expect to live long, and that she wanted Catharine to have everything out of doors and in the house. This evidence was competent. Hackney v. Vrooman, 62 Barb. 650, 666, and authorities cited; Thornt. Gifts, 222. But it is contended that there was no sufficient delivery in law. The testimony is that Sarah took the packet, handed it to her sister with a declaration of the contents, saying, "I give them to you to do with as you see fit, both real and personal, indoors and out," without any further direction at all. Thereupon Catharine put the packet back in the desk, locked it, and retained its key. See Cooper v. Burr, supra; Allerton v. Lang, 10 Bosw. 362; Westerlo v. De Witt, 36 N. Y. 340, 93 Am. Dec. 517. There is nothing which prevents the conclusion that

Catharine disposed of the packet exactly as she would have done with her own choses in action. The transaction took place in their common house. The desk had been in their common bedroom for years, and had been used by both sisters for their valuable papers. Sarah thus parted with the control of the package and of its contents, and the subsequent disposition made of the papers by Catharine was her own voluntary act. She returned them to the common repository of her sister and herself, and retained the key thereof. In Beaver v. Beaver, 117 N. Y. 421, 428, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531, the court say:

"The delivery may be symbolical or actual; that is, by actually transferring the manual custody of the chattel to the donee, or giving to him the symbol which represents possession. In case of bonds, notes, or choses in action, the delivery of the instrument which represents the debt is a gift of the debt if that is the intention; and so, also, where the debt is that of the donee, it may be given, as has been held, by the delivery of a receipt acknowledging payment. Westerlo v. De Witt, 36 N. Y. 340, 93 Am. Dec. 517; Gray v. Barton, 55 N. Y. 72, 14 Am. Rep. 181; 2 Schouler, Pers. Prop. § 66 et seq."

And there may be implication of an acceptance when the gift is beneficial to the donee. Id.; Porter v. Gardner, supra.

So far as the subjects of the gifts are concerned, it has been held that a promissory note of a third person may be made donatio causa mortis (Coutant v. Schuyler, 1 Paige, 316; Harris v. Clark, 2 Barb. 94, affirmed in 3 N. Y. 93, 51 Am. Dec. 352; Champney v. Blanchard, 39 N. Y. 111); and the same is true as to nonnegotiable choses in action (Cornell v. Cornell, 12 Hun, 312, and authorities cited; Bedell v. Carll, 33 N. Y. 581), and as to savings bank books (Podmore v. Institution, 48 App. Div. 218, 62 N. Y. Supp. 961; Ridden v. Thrall, supra).

It is further contended that delivery of the particular securities was not proven. This contention is based entirely upon the fact that Sarah did not exhibit the contents of the package. The witness Mrs. Montfort says that the packet was in slate-colored muslin, and that the wrapping covered the entire package, except that each end showed; that she could not see what papers were in the package, but, as near as she could see, they were valuable papers. In this she was corroborated by the other witnesses, one of whom says that he saw what appeared from its color to be a bank book, and another says that it appeared to contain papers and envelopes. These witnesses all testified to the resemblance of the packet produced at the trial to that which passed from the hands of Sarah into the hands of Catharine. If the testimony of the witnesses is to be credited, this is the only point of attack open to the defendant. If they had testified that the donor scheduled the various choses in action, or exhibited them at the time, then the appellant's case would have depended entirely upon breaking down the testimony of these witnesses. I think that the testimony of the witnesses is all the more creditable in that they did not attempt to manufacture testimony so as to shut off even this criticism; for it is not inherently improbable that a donor would have done exactly what the appellant insists that the witnesses have said she did not do. But there is testimony that

Sarah did say at the time that the packet contained all of her valuable papers, bonds, mortgages, notes, and bank book, and, if this be true, it is hardly credible that she would upon her deathbed have made such a declaration by way of grim jest, or to delude and deceive her lifelong companion, her younger sister, and the relatives who sat around her. This, at least, is evidence prima facie that the packet did contain what she then declared were its contents, and nothing to the contrary appears in this record. Such testimony is entirely competent as part of the res gestæ. Kelly v. Campbell, 2 Abb. Dec. 492; Smith v. Maine, 25 Barb. 33; Thornt. Gifts, 222, and authorities cited; Hackney v. Vrooman, supra; Porter v. Gardner, supra.

One question of evidence remains to be discussed. The alleged donee and administratrix was called as a witness and produced a package. She was then asked: "Is this the package which was in the desk, and which you took from the desk?" (Objected to on the ground that it is immaterial and improper, and that it is excluded by the provisions of section 829 of the Code of Civil Procedure. Overruled. Exception.)" It is quite evident that the question did not refer to the act of the witness during the life of the intestate, for the reason that the testimony immediately preceding was: "After her death I did not take from the desk a package of papers right away. When I had occasion to use the papers, I had to take some of the papers out. I have the package now." Indeed, this is clear from the terms of the subsequent motion to strike out. The further question was asked, "Does it now contain the same that it did at that time?" To this a similar objection and a similar ruling were made, under exception. At the close of the evidence the learned counsel for the appellant moved to strike out the testimony of the witness with reference that after the death of her sister she took from her desk a package of papers, and what it contained, and also her testimony that she has that packet of papers now, upon the ground that this testimony is immaterial and improper, and is also improper to be received under section 829 of the Code, which motion was denied under exception. It is not contended that the question related to a personal transaction with the intestate, but the argument is that the donee did not testify to an independent fact, but to one which, in the language of Andrews, J., in Clift v. Moses, 112 N. Y. 426, 437, 20 N. E. 392, "is disclosed by other evidence that had its origin in and directly resulted from a personal transaction"; i. e. that the placing of the package in the desk was the result of a personal transaction with the decedent, and the fact of its being taken therefrom, if of any materiality at all, is due to the transaction. It is at least a serious question whether such testimony was admissible in view of the bar of section 829 of the Code as interpreted by the court in Clift v. Moses, supra. But, even if it were inadmissible, I think that the error is not sufficient to overturn the decision in this case. I think that the gift is established quite aside from this testimony, which was not admitted before a jury, but was presented to a court. Moreover, this court in this case is vested with the same power over questions of fact that the surrogate holds, and upon such questions it is to determine for itself, upon all the facts, as on the law, whether the decision was right. In re Rogers,

10 App. Div. 593, 42 N. Y. Supp. 133; In re Welling's Estate, 51 App. Div. 355, 64 N. Y. Supp. 1025. Disregarding this testimony, I am of opinion that the decision of the learned surrogate was right, and that the decree should be affirmed.

Decree of the surrogate's court of Dutchess county affirmed, with costs. All concur.